UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARRIE BAUER, § | | |
| STEPHANEY MAYFIELD, § | | |
| and ELIZABETH SUE § | | |
| § | | |
| Plaintiffs, § | | |
| § | Civil Action No. 3:21-cv-2250 | |
| v. § | | |
| § | | |
| RUFE SNOW INVESTMENT, LLC., § | JURY DEMANDED | |
| d/b/a IN-N-OUT GYROS and STOP-N-GO § | | |
| GYROS, and § | | |
| ZIAD MASSARWA, Individually § | | |
| § | | |
| Defendants § | | |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs Carrie Bauer, Stephaney Mayfield, and Elizabeth Sue, by and through their undersigned attorney of record, and sue Defendants Rufe Snow Investments, LLC, d/b/a In-N-Out Gyros and Stop-N-Go Gyros ("Rufe"), and Ziad Massarwa (hereinafter referred to collectively as "Defendants"), and in support thereof would show unto this Honorable Court as follows:

**I.   PRELIMINARY STATEMENT**

1.1.   Plaintiffs bring this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1.2.   During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiffs for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay and by withholding tips intended to be the property of the Plaintiffs.

1

## II.   PARTIES

2.1.   Plaintiff Carrie Bauer is an individual residing in Tarrant County, Texas.

2.2.   Plaintiff Stephaney Mayfield is an individual residing in Tarrant County, Texas.

2.3.   Plaintiff Elizabeth Sue is an individual residing in Tarrant County, Texas.

2.4.   Defendant Rufe Snow Investments, LLC, d/b/a In-N-Out Gyros and Stop-N-Go Gyros is a domestic limited liability company doing business in the State of Texas. This Defendant can be served with process by serving its registered agent for service of process, Ledgers, Inc., 221 Bedford Road, Suite 313, Bedford, Texas 76022.

2.5.   Defendant Ziad Massarwa is an individual residing in Texas and may can be served with process at 124 North Star Crossing Lane, Weatherford, Texas 76088.

## III.   JURISDICTION AND VENUE

3.1.   Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

3.2.   Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.   FLSA COVERAGE

4.1.   At all times pertinent to this Complaint, Defendants have each acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs.

4.2.   At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3.   At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5. At all times hereinafter mentioned, Plaintiffs were each an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V.   FACTUAL ALLEGATIONS

5.1. Plaintiff Carrie Bauer worked for Defendants jointly from approximately August 2019 February 2021.

5.2. Plaintiff Stephaney Mayfield worked for Defendants jointly from approximately April 2017 to August 22, 2021.

5.3. Plaintiff Elizabeth Sue worked for Defendants jointly from approximately March 2017 to August 25, 2021.

5.4. Ziad Massarwa is an individual who is an owner, managing member, and supervisor of Rufe Snow Investments, LLC, d/b/a In-N-Out Gyros and Stop-N-Go Gyros.

5.5. As an owner, managing member, and supervisor of Rufe, Ziad Massarwa independently exercised control over the work situation of Plaintiffs.

5.6. Ziad Massarwa determined the wages to be paid to Plaintiffs.

5.7. Ziad Massarwa determined the hours to be worked by Plaintiffs.

5.8. Ziad Massarwa maintained the employment records of Plaintiffs.

5.9. Ziad Massarwa maintained the power to discipline Plaintiffs.

5.10. Ziad Massarwa maintained the power to hire and fire Plaintiffs.

5.11. Ziad Massarwa maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Plaintiffs.

5.12. Plaintiff Carrie Bauer was an hourly employee.

5.13. Plaintiff Carrie Bauer was a nonexempt employee.

5.14. Plaintiff Stephaney Mayfield was an hourly employee.

5.15. Plaintiff Stephaney Mayfield was a nonexempt employee.

5.16. Plaintiff Elizabeth Sue was an hourly employee.

5.17. Plaintiff Elizabeth Sue was a nonexempt employee.

5.18. Plaintiffs regularly worked in excess of forty (40) hours per workweek (overtime hours).

5.19. Defendants were aware that Plaintiffs regularly worked in excess of forty (40) hours per workweek.

5.20. During one or more weeks of Plaintiffs' employment with Defendants wherein Plaintiffs worked overtime hours, Defendants failed to pay Plaintiffs one and one-half times Plaintiffs' regular rate of pay for each overtime hour worked (overtime compensation).

5.21. No justification or excuse existed for Defendants' practice of failing to compensate Plaintiffs one and one-half times Plaintiffs' regular rate of pay for each overtime hour worked.

## VI. CAUSE OF ACTION:

### A. VIOLATION OF FLSA 29 U.S.C. § 207
### UNPAID OVERTIME

6.1. The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

6.2. Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

6.3. Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

6.4. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

6.5. Plaintiffs seek and are entitled to an award of liquidated damages in an amount equal to Plaintiffs' unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

6.6. Plaintiffs also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiffs are also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

### B. VIOLATION OF FLSA 29 U.S.C. § 203
### WITHHELD TIPS

6.7 During their employment with Defendants, each Plaintiff performed services and sold goods, usually preparing and selling food, to customers for which the customer paid and also included a tip intended to be the property of Plaintiffs.

6.8 Often these tips were included on credit or debit card transactions.

6.9. However, rather than giving these tips to Plaintiffs, Defendants kept the tips for themselves in violation of 29 U.S.C. § 203(m)(2)(B).

6.10. Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

6.11. Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

6.12. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of tips withheld and which should have been paid to Plaintiffs.

6.13. Plaintiffs seek and are entitled to an award of liquidated damages in an amount equal to tips withheld by Defendants pursuant to 29 U.S.C. § 216(b).

6.14. Plaintiffs also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiffs are also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## VII.   JURY TRIAL DEMAND

7.1   Plaintiffs demand a jury trial on all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that:

(a).   The Court assume jurisdiction of this cause and that Defendants be cited to appear;

(b).   The Court award damages to Plaintiffs as specified above;

(c).   The Court award reasonable and necessary attorney's fees and costs; and

(d).   The Court award Plaintiffs pre- and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

        Respectfully submitted:

By: */s/ David G. Langenfeld*
      **David G. Langenfeld**
      Attorney-in-Charge
      State Bar No. 11911325
      LEICHTER LAW FIRM
      1602 East 7th Street
      Austin, TX  78702
      Tel.:  (512) 495-9995
      Fax:   (512) 482-0164
      Email:  david@leichterlaw.com

By: */s/ Stephen Le Brocq*
      **Stephen Le Brocq**
      LE BROCQ & HORNER, PLLC
      Texas SBN: 24094791
      2150 N. Josey Lane, Suite 227
      Carrollton, Texas 75006
      P: (469) 930-4385 F: (866) 820-6005
      E: stephen@lebrocqhorner.com

**ATTORNEYS FOR PLAINTIFF**