IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARRIE BAUER, | § | |
| STEPHANIE MAYFIELD, | § | |
| and ELIZABETH SUE, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-2250-BH |
| | § | |
| RUFE SNOW INVESTMENT, LLC., | § | |
| d/b/a IN-N-OUT GYROS | § | |
| and STOP-N-GO GYROS, and | § | |
| ZUAD MASSARWA, Individually | § | |
|     Defendant. | § | Consent Case[1] |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, *Plaintiffs' Motion to Strike Defendants' Counterclaims*, filed November 16, 2021 (doc. 9), is **GRANTED**.

**I.  BACKGROUND**

On September 21, 2021, Carrie Bauer, Stephanie Mayfield, and Elizabeth Sue (Plaintiffs), sued Rufe Snow Investments, LLC, d/b/a In-N-Out Gyros and Stop-N-Go Gyros (Rufe Snow), and Ziad Massarwa (collectively Defendants), under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (FLSA), for allegedly failing to pay them overtime wages and withholding their tips. (doc. 1 at 5-6.)[2] Defendants' answer asserts affirmative defenses and counterclaims for embezzlement, misappropriation of funds, breach of contract, and unjust enrichment. (*See* doc. 4.) It alleges that Rufe Snow provided Sue and Mayfield $10,000.00 each in loans "through outright payments to [them] as well as payment of [their] personal expenses" to be repaid within one year, but they "failed

---

[1] By consent of the parties and order filed November 24, 2021 (doc. 12), this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to pay this money back"; as a result, they are in breach of contract and have been unjustly "enriched in the amount of $10,000.00." (*Id*. at 6-7.) It also alleges that Sue diverted funds from Rufe Snow, including approximately $10,000.00 unrelated to "any legitimate business expenses," and transferred the funds to herself. (*Id.*)

## II. RULE 12(b)(1)

Plaintiffs move to strike Defendants' counterclaims as not permitted in a FLSA action. (doc. 9 at 2-3.)

Although they do not specify the procedural basis for their motion, a motion seeking dismissal of claims as not properly before a federal court implicates a court's subject matter jurisdiction and is properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Brewster v. Wardlaw Claims Serv., LLC*, No. 6:16-CV-00170-RP-JCM, 2016 WL 10827717, at *3 (W.D. Tex. Aug. 2, 2016), *adopted by* 2016 WL 10827716 (W.D. Tex. Aug. 25, 2016) (construing a motion to strike counterclaim for destruction or conversion of data in a FLSA action as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction). Plaintiffs' challenge is therefore considered under Rule 12(b)(1).

**A.** **Legal Standard**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

2

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*.

If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating itself the merits of the jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of the attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Plaintiffs' motion to dismiss relies solely on Defendants' counterclaim. (*See* doc. 9.)

3

Their motion therefore presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412-13.

**B.      Counterclaims in FLSA Cases**

Plaintiffs argue that because Defendants' counterclaims are not related to wages or hours worked, they are not allowed in this FLSA action. (doc. 9 at 2-3.)

"Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740-41 (5th Cir. 2010). The Fifth Circuit has stated that set-offs and counterclaims are inappropriate in cases brought to enforce the FLSA's minimum wage and overtime provisions because "the only function of the federal judiciary under the FLSA 'is to assure to the employees of a covered company a minimum level of wages.'" *See id.* (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).  Disputes over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the FLSA, as "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards." *Brennan*, 491 F.2d at 4.  The Fifth Circuit has allowed set-off counterclaims only where the money to be set-off "can be considered wages that the employer pre-paid to the plaintiff-employee." *Martin*, 628 F.3d at 742; *see Singer v. Waco*, 324 F.3d 813, 828 (5th Cir. 2003) (holding that an employer may set-off overpayments to employees).  "[D]istrict courts in the Fifth Circuit routinely dismiss counterclaims that do not directly relate to Plaintiffs' wage claims, such as by challenging the amount of overtime hours worked or wages due." *Poole v. Dhiru Hosp.*, LLC, No. SA-18-CV-636-XR, 2019 WL 3845454, at *10 (W.D. Tex. Aug. 15, 2019) (collecting cases).

4

Here, Defendants assert counterclaims for breach of contract and unjust enrichment against Sue and Mayfield in connection with loans Rufe Snow allegedly provided them. (*See* doc. 4 at 6-8.) They allege that Rufe Snow loaned $10,000.00 to each plaintiff "through outright payments to [them] as well as payment of [their] personal expenses" to be repaid within one year, but they failed to repay the loans. (*Id.* at 6-7.) Defendants also assert separate counterclaims against Sue for embezzlement, unjust enrichment, and misappropriation of funds, alleging she accessed Rufe Snow's funds as manager and transferred the funds to herself. (*Id.* at 6.) They contend that they are entitled to $10,000.00 each from Sue and Mayfield for breach of contract and unjust enrichment, as well as additional monetary damages against Sue for her embezzlement, unjust enrichment, and misappropriation of Rufe Snow's funds. (*Id.* at 7-8.)

The loans allegedly provided to Mayfield and Sue are not pre-paid wages to them, and there are no facts pleaded regarding the funds Sue allegedly transferred to herself from which it could be determined that the funds could be properly categorized as already paid wages or tips.[3] As discussed, "counterclaims in FLSA proceedings are only allowed when the counterclaim represents fulfilled overtime compensation." *Brewster*, 2016 WL 10827717, at *3 (citing *Martin*, 628 F.3d at 742). The damages alleged in connection with the counterclaims are unrelated to either the number of hours worked by Plaintiffs or the nature of their compensation. *See Brennan*, 491 F.2d at 4; *Martin*, 628 F.3d at 742.

---

[3] Defendants' response alleges for the first time that Sue "had access to the electronic funds paid by credit card by customers and used that access to unjustly pay herself funds that she did not earn," and that "she would use this access to pay herself and other staff the tips from credit cards." (doc. 10 at 2.) These new allegations are not part of the pleadings to be considered for purposes of the motion to dismiss. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n.3 (N.D. Tex. Aug. 15, 2014); *see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (claim raised for the first time in a response to a motion for summary judgment is not properly before the court); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)).

C. **Compulsory Counterclaims**

Defendants respond that some of their counterclaims are compulsory and should not be dismissed, citing *Solano v. Ali Baba Mediterranean Grill, Inc.*, 3:15-CV-0555-G, 2015 WL 7770893 (N.D. Tex. Dec. 3, 2015). (doc. 10 at 4.)

A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and must be brought in the same suit or it will be subsequently barred. Fed. R. Civ. P. 13(a)(1). A counterclaim arises out of the transaction or occurrence as the original claim if any one of these questions is answered affirmatively: "(1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiffs claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim." *Tank Insulation Intl, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 86-87 (5th Cir. 1997). A logical relationship exists "when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serves as the basis of both claims." *Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1361 (5th Cir. 1979). A counterclaim that is not compulsory is a permissive counterclaim. Fed. R. Civ. P. 13(b). While a compulsory counterclaim falls within the supplemental jurisdiction of the federal courts, a permissive counterclaim must have an independent jurisdictional basis. *Zurn Industries, Inc. v. Acton Const. Co., Inc.*, 847 F.2d 234, 237 (5th Cir. 1988).

In *Solano*, the plaintiff alleged that he was not paid the applicable minimum wage required by the FLSA during certain weeks. *See* 2015 WL 7770893, at *3-6. The defendant asserted counterclaims for theft of goods, fraud, and theft of services, alleging that the plaintiff stole goods

6

from its restaurant and obtained excess overtime by falsifying the hours on his timesheets. The court found that the counterclaims for fraud and theft of services were compulsory because "[t]he FLSA claim and counterclaims for theft of services and fraud focus[ed] on the amount of overtime pay owed to the plaintiff", and "a logical relationship" existed between the operative facts and evidence needed to prove the plaintiff's FLSA claim and the defendants' counterclaims for theft of services and fraud." *Id.* at *5. It also found that the counterclaims for theft of services and fraud fell within the exception to the general prohibition against counterclaims in FLSA cases because the overtime wages the plaintiff received directly related to the number of hours worked that he allegedly falsified, and should be "characterized as… inappropriate amounts subject to an offset against the overtime owed to him." *Id.* (quoting *Martin*, 628 F.3d at 742). In contrast, the theft of goods counterclaim was not compulsory because it "rest[ed] on an entirely different set of operative facts than the plaintiff's claim for wages under the FLSA." *Id.* at *6. Ultimately, the counterclaim for theft of goods was dismissed for lack of jurisdiction, and the counterclaims for fraud and theft of services were allowed to remain as compulsory. *Id.* at *7.

Defendants' counterclaims against Sue for embezzlement, unjust enrichment, and misappropriation of funds are distinguishable from the compulsory fraud and theft of services counterclaims in *Solano* because the alleged fraud and theft of services in that case related directly to the hours worked and the wages received for those hours. Here, no facts are pleaded in the counterclaims that link the funds allegedly transferred by Sue to her paid overtime wages or tip payments. *See Solano*, 2015 WL 7770893, at *5. Defendants' counterclaims are therefore more analogous to the permissive counterclaim for theft of goods. *See id.* at *6; *see also Iniesta v. Ula's Washington, LLC*, No. CV H-17-2668, 2018 WL 3912256, at *2 (S.D. Tex. July 18, 2018), *adopted by* 2018 WL 3880286 (S.D. Tex. Aug. 15, 2018) ("Defendants' theft, conversion and fraud claims

7

are based on Defendants' allegations that Plaintiff pocketed money that was paid by Defendants' customers – allegations that have nothing to do with the number of hours Plaintiff worked or the manner in which his tips were calculated. Defendants' counterclaims for theft, conversion and fraud are, therefore, permissive counterclaims."). There are no overlapping issues of law, fact, or evidentiary support between Plaintiffs' FLSA claims and the counterclaims against Sue for embezzlement, unjust enrichment, and misappropriation of funds, and *res judicata* would not bar the consideration of these counterclaims. The pleadings reflect no logical relationship between the FLSA claims and Defendants' counterclaims beyond Sue's employment with Defendants. *See Tank*, 104 F.3d at 86-87. District courts in this circuit "have reasoned that counterclaims in FLSA cases are permissive rather than compulsory when 'different evidence is needed to prove the claims' and their 'only nexus [to the FLSA claims] is the employment relationship' between the parties." *Hill v. Bedrock Funding LLC*, 506 F.Supp.3d 442, 445 (W.D.Tex. 2020) (quoting *Poole*, 2019 WL 3845454, at *9). Because Defendants' counterclaims are not compulsory and do not meet the narrow exception for consideration alongside Plaintiffs' FLSA claims, they are not permitted in this FLSA action.

### IV. CONCLUSION

Plaintiffs' motion is **GRANTED**, and Defendants' counterclaims are **DISMISSED without prejudice**.

**SO ORDERED** on this 19th day of July, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE