UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARRIE BAUER, | § | |
| STEPHANEY MAYFIELD, | § | |
| and ELIZABETH SUE | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:21-cv-2250-BH |
| v. | § | |
| | § | |
| RUFE SNOW INVESTMENT, LLC., | § | JURY DEMANDED |
| d/b/a IN-N-OUT GYROS and STOP-N-GO | § | |
| GYROS, and | § | |
| ZIAD MASSARWA, Individually | § | |
| | § | |
| Defendants | § | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.  SUMMARY

1. Plaintiff Elizabeth Sue is entitled to summary judgment on the issue of whether she was exempt under the overtime provisions of the Fair Labor Standards Act because she was not paid on an hourly basis. She was an hourly employee. 29 C.F.R. § 541.100 (a)(1).

2. Plaintiffs were entitled to retain tips paid to them by customers pursuant to 29 U.S.C. § 203 (m)(2)(A)(i, ii).

### II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). An issue is material if it involves a fact that might affect the outcome of a suit under

1

governing law. *See Burgos v. Southwestern Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir. 1994). The Court must decide all reasonable doubts and inferences in the light most favorable to the non-moving party. *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir.1994). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine where there is a genuine issue for *trial." Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). Summary Judgment will be denied when there is sufficient evidence upon which reasonable jurors could properly find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Id.* "As long as there appears to be some support for the disputed allegations such that 'reasonable minds could differ as to the import of the evidence,' the motion must be denied." *Allen v. Solo Cup Co.,* No. CA 3:05-cv-0848-R, 2006 WL 1949455 ***1** (N.D. Tex. July 13, 2006)(quoting *Anderson,* 477 U.S. at 250).

### III.     NATURE AND STAGE OF PROCEEDINGS

1.      On September 21, 2021, Plaintiffs filed their lawsuit for unpaid overtime compensation and withheld tips alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). [dkt. 1].

2.      Plaintiffs worked for Defendants at Defendants' restaurants preparing and selling food, including Gyros, to Defendants' customers. Additionally, Plaintiff Sue exercised some degree of managerial duties.

3.      Defendants have acknowledged that Plaintiffs Bauer and Mayfield were non-exempt employees. However, even though Defendants have admitted in their Answer on file in this matter and in sworn answers to interrogatories that Plaintiff Sue was an hourly employee, they continue

to maintain that she was exempt from the overtime provisions of the FLSA as an executive employee.

3. Additionally, in the parties' Joint Status Report filed on November 24, 2021, Defendants have taken the position that "Plaintiffs were not minimum wage employees and, therefore, not entitled to tips." [dkt. 11, ¶2 c.].

## IV.     ARGUMENT AND AUTHORITY

### A.     Plaintiff Elizabeth Sue is Not Exempt as an Executive Employee

To be exempt from the overtime requirements of the FLSA as an executive employee, four conditions must be met:

(1) the employee is compensated on a salary basis at a rate not less than $684 per week[1];
(2) the employee's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
(3) the employee customarily and regularly directs the work of two or more other employees; and
(4) the employee has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100 (a)(1-4)

The executive employee exemption applies only if the employee is paid on a salary basis. *Escribano v. Travis Cty.*, 947 F.3d 265, 267 (5th Cir. 2020)(analyzing the executive and highly-compensated employee exemptions.)

---

[1] The salary basis rate was increased from $455 per week to $684 per week effective January 1, 2020. See, *Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 481 n.34 (S.D. Tex. 2020)

Here, Defendants have admitted in their Answer on file in this matter that Plaintiff Elizabeth Sue was an hourly employee. [dkt. 4, ¶5.16]. Furthermore, Defendants have admitted in sworn answers to interrogatories that Plaintiff Elizabeth Sue was an hourly employee.[2] Clearly, Plaintiff Elizabeth Sue was not paid on a salary basis. She was an hourly employee. Therefore, she is not exempt from the overtime provisions of the FLSA as an executive employee. Plaintiff Elizabeth Sue is entitled to summary judgment on this issue as a matter of law.

### B. Plaintiffs Were Entitled to Retain All Tips Plaid by Customers

Defendants have also taken the position that because Plaintiffs were not minimum wage employees, they were not entitled to tips. [dkt. 11, ¶2 c., Joint Status Report]. There is simply no authority for this proposition. At best, what Defendants may be attempting to argue is that since Rufe Snow did not take a tip credit, it was entitled to keep Plaintiffs' tips. Still, this proposition is contrary to current law.

With regard to employees who customarily receive tips—such as Plaintiffs in this case—employers may take a "tip credit." This means that, rather than paying the employee the federally required hourly minimum wage of $7.25, an employer may pay an employee as little as $2.13 per hour so long as tips received by the employee make up the difference. 29 U.S.C. § 203 (m)(2)(A)(i, ii).

There previously was some question as to whether employees who earned at least minimum wage were entitled to tips. For example, in *Marlow v. New Food Guy, Inc.*[3], the plaintiff, who earned above minimum wage and whose employer did not take a tip credit, argued that she was

---

[2] Attached as Exhibit A is Defendant Rufe Snow's Answer to Plaintiff Elizabeth Sue's Interrogatory No. 18.
[3] 861 F.3d 1157 (10th Cir. 2017).

nonetheless entitled to keep her tips. In doing so, plaintiff relied on a portion of 203(m) that states that an employer may not take a tip credit unless "all tips received by such employee have been retained by the employee" *Id.*, 1160-1161. The plaintiff construed this language to mean that employers can never keep tips received by an employee. The court disagreed stating "[a]ll that §203(m) does is permit a limited tip credit and then state what an employer must do *if it wishes to take that credit*. [Plaintiff] reads the statutory provision as also requiring that *all* employers *always* give all tips to employees . . .. But it does not say that." *Id.*, 1161 (emphasis original).

However, 203(m) was amended on March 23, 2018 (subsequent to *Marlow*) and now expressly states what the *Marlow* Court said it did not. To wit, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, <u>regardless of whether or not the employer takes a tip credit.</u>" 29 U.S.C. § 203. (emphasis added). Judge Fitzwater of the Northern District of Texas addressed that 203(m) was amended on March 23, 2018, after *Marlow*, to make clear the current law that tips belong to the employee regardless of whether the employer takes a tip credit. *Williams v. Sake Hibachi Sushi & Bar, Inc.*, 574 F. Supp. 3d 395, 404 (N.D. Tex. 2021).[4]

With the March 23, 2018 amendment to 29 U.S.C. § 203 (m), there exists no current authority for the proposition that because Rufe Snow did not take a tip credit, Plaintiffs were not entitled to retain tips paid by customers. Plaintiffs are entitled to summary judgment on this issue as a matter of law.

---

[4] In *Williams*, Judge Fitzwater did not allow plaintiffs the benefit of the 2018 amendment because it was not to be applied retroactively and all damages were accrued before the March 23, 2018, amendment. In the current case, all damages of all Plaintiffs were accrued after March 23, 2018.

## **CONCLUSION**

Plaintiff Elizabeth Sue was without dispute an hourly employee and thus not exempt as an executive employee. Additionally, Plaintiffs were entitled to retain all tips paid by customers.

                Respectfully submitted:

              By: */s/David G. Langenfeld*
              David G. Langenfeld
              Texas State Bar No 11911325
              Leichter Law Firm
              1602 East 7th Street
              Austin, TX 78702
              Email: david@leichterlaw.com

              Stephen Le Brocq
              Texas State Bar No 24094791
              2150 N. Josey Lane, Suite 227
              Carrollton, Texas 75006
              Email: Stephen @lebrocqhorner.com

              ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on November 18, 2022, I filed the foregoing with the Court and that all counsel of record have been served via the Court's electronic case filing system

                                      */s/ David G. Langenfeld*
                                      **David G. Langenfeld**