IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARRIE BAUER, § | |
| STEPHANIE MAYFIELD, § | |
| and ELIZABETH SUE, § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:21-CV-2250-BH |
| § | |
| RUFE SNOW INVESTMENT, LLC., § | |
| d/b/a IN-N-OUT GYROS § | |
| and STOP-N-GO GYROS, and § | |
| ZUAD MASSARWA, Individually § | |
| Defendant. § | Consent Case[1] |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings, evidence, and applicable law, *Plaintiffs'[sic] Motion for Partial Summary Judgment*, filed November 18, 2022 (doc. 22), is **GRANTED**, and *Defendants' Motion for Partial Summary Judgment*, filed November 28, 2022 (doc. 30), is **DENIED**.

**I.  BACKGROUND**

Carrie Bauer, Stephanie Mayfield, and Elizabeth Sue (Plaintiffs) sue Rufe Snow Investments, LLC, d/b/a In-N-Out Gyros and Stop-N-Go Gyros (Rufe Snow) and Ziad Massarwa (collectively Defendants), for alleged violations of the Fair Labor Standards Act (FLSA). (doc. 1 at 5-6.)[2] Defendants own and operate two Mediterranean-themed fast food style restaurants in North Richland Hills and Lewisville, Texas. (doc. 37-1 at 1.) A customer places a food order at a serving counter that has various food items and ingredients, and an employee on the other side of the counter assembles the order primarily from the food items and ingredients on the counter. (*Id.*) The

---

[1] By consent of the parties and order filed November 24, 2021 (doc. 12), this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

employee hands the order to the customer, who then pays for the food. (*Id.*) "Very often the customer includes a tip for the employee's service." (*Id.*)

Plaintiffs worked as hourly employees at the restaurants for some period of time. (docs. 1 at 3; 4 at 3.) Sue was the manager at Defendants' North Richland Hills restaurant from March 2017 to August 25, 2021, but she sometimes worked at the Lewisville restaurant when staff was needed. (doc. 37-1 at 1, 3.) She "sometimes assisted the owners with other duties when asked to do so," but "at least 90% of [her] work time was spent waiting on customers and preparing their food . . . or helping to clean the restaurant or wash utensils used for food preparation." (*Id.* at 3.) The restaurants were usually staffed with Sue and one other person, and at times she would be the only person working. (*Id.*)

According to the complaint, Mayfield worked for Defendants from approximately April 2017 through August 22, 2021, and Bauer worked for Defendants from approximately August 2019 through February 2021. (doc. 1 at 3.)[3] Sue was Bauer's supervisor the entire time Bauer was employed; she interviewed and hired her, set her rate of pay, explained the procedures on logging hours and tip sharing, distributed tips at the end of each shift, and signed her paychecks. (doc. 35-1 at 10-11, 13, 17, 21.)

On September 21, 2021, Plaintiffs sued Defendants for allegedly failing to pay them overtime compensation for overtime hours worked in violation of 29 U.S.C. § 207 and withholding the tips they received from customers in violation of § 203(m)(2)(B). (doc. 1 at 5-6.)

Plaintiff now move for partial summary judgment on the issues of (1) Sue's status as an "exempt employee" under FLSA's overtime provisions and (2) their entitlement to tips paid by

---

[3]Defendants' answer concedes that Mayfield and Bauer worked for Rufe Snow but denies that they worked for Massarwa or that they worked during the specific time periods alleged in the complaint. (*See* doc. 4 at 3.)

2

customers. (docs. 22; 23 at 1.) Defendants seek partial summary judgment on Sue's and Bauer's claim for unpaid tips. (doc. 30.)

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant bears the burden of proof on an issue, it must "establish beyond peradventure *all* of the essential elements of the claim or defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (emphasis original). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (quotations omitted).  There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.* at 323.

Once the movant meets its summary judgment burden, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324.  It must go beyond its pleadings and designate specific facts to

3

show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[4] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to its case and as to which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### III. FLSA

**A.    Unpaid Overtime**

Plaintiff moves for summary judgment on the issue of whether she is exempt from the FLSA's overtime requirements as an "executive employee." (doc. 23 at 3.)

Under the FLSA, employers are required to pay employees at a rate of at least one and one-half times their regular rate for the hours an employee works in excess of a forty-hour

---

[4]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

workweek. *See* 29 U.S.C. § 207(a)(1). "The overtime-pay rule is subject to several enumerated exemptions, however." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 307 (5th Cir. 2021) (citing 29 U.S.C. § 213). "The ultimate decision whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law." *Faludi v. U.S. Shale Sols., L.L.C.*, 950 F.3d 269, 273 (5th Cir. 2020) (citation omitted) (cleaned up). The employer bears the burden of proving a claimed exemption by a preponderance of the evidence. *Miller v. Travis Cnty.*, Texas, 953 F.3d 817, 819-20 (5th Cir. 2020). Courts "must give FLSA exemptions a 'fair reading' rather than narrowly construing them against the employer." *Faludi*, 950 F.3d at 273 (citing *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018)).

Relevant here, the FLSA excludes from the overtime requirement "any employee employed in a bona fide executive . . . capacity.'" 29 U.S.C. § 213(a)(1). Employees are considered "bona fide executives" exempt from overtime if they are paid on a salary basis at a rate of not less than $684 per week[5] and "carry out three listed responsibilities—managing the enterprise, directing other employees, and exercising power to hire and fire." *Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. ----, 143 S. Ct. 677, 683 (2023) (citing 29 C.F.R. § 541.100(a)).

Plaintiffs argue that the executive exemption does not apply to Sue as a matter of law because she was not paid on a salary basis. (doc. 23 at 3.) They point to Defendants' answer to the complaint and sworn answers to interrogatories, in which they admit that Sue was an hourly employee. (docs. 4 at 4; 23-1 at 3.) Plaintiffs have met their initial summary judgment burden to show that Sue is not exempt from FLSA's overtime provisions under the executive employee exemption. *See Hewitt v. Helix Energy Sols. Group, Inc.*, 15 F.4th 289, 290 (5th Cir. 2021) (en

---

[5]Effective January 1, 2020, the minimum weekly salary level was increased from $455 to $684 per week. *See Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 481 n.34 (S.D. Tex. 2020).

5

banc), *aff'd by* 598 U.S. ----, 143 S. Ct. 677 (2023) (explaining that employees must be paid on a salary basis to fall within the executive exemption).

The burden now shifts to Defendants to identify a genuine issue of material fact regarding whether Sue qualifies as an executive employee exempt from overtime compensation. They do not dispute that Sue was paid on an hourly basis or otherwise refute Plaintiffs' evidence or argument that Sue is not exempt from FLSA's overtime requirements as an executive employee. Because no genuine issue of material fact exists as to whether Sue was not exempt from overtime as an executive employee, Plaintiffs are entitled to summary judgment as a matter of law on this issue.

**B.** **Withheld Tips**

Plaintiffs move for summary judgment as a matter of law on the issue of whether they are entitled to keep all tips paid to them by customers. (doc. 23 at 4-5.) Defendants move for summary judgment on Sue's claim for unpaid tips, arguing that she was a manager who was not entitled to tips. (doc. 35 at 4.)[6]

### 1. *Plaintiffs' Motion*

The FLSA requires employers to pay its employees a statutory minimum hourly wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a)(1). An exception to this requirement permits employers to pay employees the reduced rate of $2.13 per hour as long as the employee qualifies as a "tipped employee," and the employee's tips make up the difference between the reduced rate of $2.13 per hour and the federal minimum wage. *See* 29 U.S.C. § 203(m). This employer discount is commonly referred to as a "tip credit." *See Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188-89 (5th Cir. 2015).

---

[6]Defendants also move for summary judgment on Bauer's claim for unpaid tips; Plaintiffs abandoned the claim in their response to the motion. (*See* docs. 35 at 4; 37 at 1.)

As a general rule, the "tip credit" exception may only be claimed if the employer shows: (1) it informed the employees of the provisions contained in § 203(m), and (2) the tipped employees retain all of their tips. *Id.* (citing 29 U.S.C. § 203(m)). An employer may claim the tip credit even when it requires "the pooling of tips among employees who customarily and regularly receive tips." *Id.* If an employee is required to pool and share tips with an employee who does not customarily and regularly receive tips, however, the employer may not legally take a tip credit. *Id.*; *see* 29 C.F.R. § 531.54. An employer that fails to comply with § 203(m)'s requirements will be "divested of its statutory tip credit for the relevant time period." *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016).

On March 23, 2018, Congress amended the FLSA's tip credit provisions by adding § 203(m)(2)(B), which states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." *See* Pub. L. 115-141, 132 Stat. 348, div. S, tit. XII, § 1201 (2018). Section 216(b) was also amended "to provide damages in the form of withheld tips and an equal amount of liquidated damages for a violation of § 203(m)(2)(B)." *Williams v. Sake Hibachi Sushi & Bar Inc.*, 574 F. Supp.3d 395, 404 (N.D. Tex. 2021).

Prior to the 2018 amendment, if an employer "paid hourly wages that, before tips, were higher than the federal minimum wage, there was no federal law cause of action under the FLSA." *Benavidez v. Greenwich Hotel Ltd. P'ship*, No. 3:16-CV-191 (VAB), 2019 WL 1230357, at *11 (D. Conn. Mar. 15, 2019) (citing *Trinidad v. Pret a Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 561-62 (S.D.N.Y. 2013)); *see also Gurule v. Land Guardian, Inc.*, No. 4:15-CV-03487, 2017 WL 6885417, at *5 (S.D. Tex. July 7, 2017), *aff'd by* 912 F.3d 252 (5th Cir. 2018) (explaining that the pre-2018 amendment version of § 206(b) did not authorize the recovery of stolen tips). This is because the

7

FLSA did not provide a separate remedy for the recovery of withheld tips that did not also result in minimum wage or overtime violations. *See Williams*, 574 F. Supp.3d at 405. If an employer's tip withholding practices violated § 203(m) requirements, the employee's damages "were limited to the difference between the [employee's] hourly wage and the federally-mandated minimum wage—i.e., the tip credit amount." *Id.* at 405-06 (collecting cases).

Plaintiffs contend that they are not precluded from receiving and keeping tips simply because they were not minimum wage employees. (doc. 23 at 4.) They argue that the 2018 amendment applies here because all their damages accrued after March 23, 2018. (*Id.* at 5 n.4.) As discussed, § 203(m)(2)(B) prohibits an employer from keeping its employees' tips for any purposes, "regardless of whether or not the employer takes a tip credit," i.e., regardless of whether the tipped employee is paid less than minimum wage. *See* 29 U.S.C. § 203(m)(2)(B). Defendants do not respond to Plaintiffs' argument as to the minimum wage issue, or refute § 203(m)(2)(B)'s application in this case. (*See* doc. 35.) In both their response to Plaintiffs' motion and their motion for partial summary judgment, Defendants admit that Bauer and Mayfield were entitled to a tip share at the end of each shift. (*See* docs. 31 at 2; 35 at 2.) Accordingly, Plaintiffs are entitled to summary judgment on the issue that being paid above minimum wage does not preclude them from receiving and keeping tips.

    *2.    Defendants' Motion*

Defendants contend that Sue's claim for unpaid tips fails as a matter of law because she is a managerial employee who is not entitled to share tips from customers. (doc. 35 at 4.)

As explained, an employer is prohibited from keeping "tips received by its employees for any purposes, including allowing *managers or supervisors* to keep any portion of employees' tips," regardless of whether the tipped employee is paid less than minimum wage. 29 U.S.C. §

203(m)(2)(B) (emphasis added). The applicable Department of Labor (DOL) regulations define "managers or supervisors" as any employee (i) "[w]hose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;" (ii) "[w]ho customarily and regularly directs the work of two or more other employees;" and (iii) "[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. §§ 541.100(a)(2)-(4); 531.52(b)(2).[7] While managers or supervisors are barred from retaining tips received by other employees, "[a] manager or supervisor may keep tips that he or she receives directly from customers based on the service that he or she directly and solely provides." *Id.* § 531.52(b)(2). If an employer improperly retains a portion of an employee's tips, it will be liable to the employee for "all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see Hoenninger v. Leasing Enterprises, Ltd.*, 803 F. App'x 756, 759 (5th Cir. 2020).

Here, Defendants argue that the summary judgment evidence establishes that Sue is a manager and a supervisor. (doc. 35 at 5.) They provide excerpts from Bauer's deposition testimony, stating that Sue interviewed her, hired her, instructed her on how her tips were to be paid, set her rate of pay, paid out her tips, instructed her on clock-in/clock-out procedures, was her supervisor during her entire employment, was titled "assistant manager," and signed her paychecks. (doc. 35-1 at 8-21.) They also provide the declaration of Rufe Snow's member, stating that he hired Sue for the position of "Manager" and that she remained in this position throughout her employment, with the

---

[7] For purposes of § 203(m)(2)(B), a "manager or supervisor" also includes "any employee who owns at least a bona fide 20–percent equity interest in the enterprise in which the employee is employed, regardless of whether the business is a corporate or other type of organization, and who is actively engaged in its management." 29 C.F.R. §§ 531.52(b)(2); 541.101. Neither side asserts that Sue had any equity interest in Rufe Snow.

following duties: "interviewing prospective employees, hiring employees, firing employees, training employees, setting and adjusting employee rates of pay and hours of work, directing the work of employees, maintaining production or sales records for use in supervision, appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status, handling employee complaints and grievances, disciplining employees, planning the work that employees work for the day, determining the techniques to be used at work, apportioning the work among the employees, determining the type of materials, supplies or equipment to be used at work, determining the merchandise to be bought, conducting an inventory list, providing for the safety and security of the employees or the property, assisting in planning and controlling the budget, and writing checks on the company account to employees for compensation purposes including checks to herself." (*Id.* at 3-4.)

While Defendants provide some evidence that managing was Sue's primary duty and that she had the authority to hire or fire employees, they fail to provide evidence that Sue "customarily and regularly directs the work of two or more other employees." *Id.* § 541.100(a)(3). Bauer testified that Sue was her supervisor and directed her on certain tasks and procedures. Even though Defendant provides a declaration stating that "directing the work of employees" was one of Sue's managerial duties, it does not state how many employees were under her direction on a customary and regular basis. (doc. 35-1 at 3-4.) Defendants' evidence fails to establish that Sue meets all the requisite elements of a manager or supervisor barred from sharing employee tips under § 203(m)(2)(B). 29 C.F.R. §§ 541.100(a)(2)-(4); 531.52(b)(2).

Because Defendants have not met their initial burden of identifying evidence of record sufficient to establish that Sue is not entitled to tips as a matter of law, their motion for partial summary judgment is denied as to this claim.

## IV.  CONCLUSION

Plaintiffs' motion for partial summary judgment is **GRANTED**; they are entitled to summary judgment that (1) Sue is not exempt from overtime compensation as an executive employee, and (2) Plaintiffs are not precluded from receiving and keeping tips because they were paid above minimum wage. Defendants' motion for partial summary judgment is **DENIED**.

**SO ORDERED** on this 7th day of April, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE